IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONNA KIKKERT,

                Petitioner,                              ORDER

     v.                                                     07-cv-705-bbc

SUZANNE SCHMITT, Superintendent,
Robert E. Ellsworth Correctional Center,

                Respondent.

---

Donna Kikkert has filed a motion seeking the appointment of counsel to help her file objections to the report and recommendation that was entered on March 14, 2008 and an extension of the April 4, 2008 deadline for filing those objections. In her motion, petitioner asserts that she does not understand the rationale or the cases cited in the report and recommendation, has no access to legal materials and is untrained in the law. As proof that she is incapable of representing herself, petitioner points to the fact that I have recommended that her petition be denied. Also, petitioner asks that this motion be referred to Judge Crabb on the ground that I have a conflict of interest.

I address this last contention first. The only basis for petitioner's allegation that I am biased against her is the fact that I found no basis for granting her application for a writ of habeas corpus. However, adverse rulings alone are insufficient to show judicial bias. *In re Golant*, 239 F.3d 931, 938 (7th Cir. 2001). I assure petitioner that my recommendation was

made solely on the basis of the facts and case law and not motivated by any animosity or hostility to petitioner or her position in this legal proceeding.

I turn then to her request for court-appointed counsel. As an initial matter, petitioner has not made the threshold showing that she has tried to obtain counsel on her own. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir.1992) (in determining whether to appoint counsel for indigent plaintiff, court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Nonetheless, I will consider her request for counsel as if she had made this showing. In *Farmer v. Haas*, 990 F.2d 319, 332 (7th Cir.), cert. denied, 510 U.S. 963 (1993), the court of appeals distilled the inquiry for determining whether to appoint counsel for indigent plaintiffs to the following:

> [G]iven the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?

As the question makes clear, three factors are relevant to this inquiry: 1) the complexity of the case; 2) the plaintiff's competence to represent herself; and 3) whether the presence of counsel would make a difference to the outcome.

Having considered these factors, I am denying petitioner's motion. Even giving petitioner the benefit of the doubt and assuming she lacks the competence to fully comprehend the case law cited in the report and recommendation, I am confident that the presence of counsel will not make any difference to the outcome of this case. That habeas

relief is not available to petitioner on any of her claims is not a close question.  To obtain federal habeas relief, petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.  As explained in the report and recommendation, her claim that the department failed to consider viable alternatives before revoking her probation fails to state a constitutional claim and in any event is defaulted because she failed to present it in the proper manner to the state courts. Her third claim, that the family court proceedings that ultimately led to her conviction were improper, is not a viable ground for relief because petitioner is not "in custody" pursuant to that judgment.  Finally, petitioner's challenge to her post-revocation sentence amounts to little more than her disagreement with the sentence.  There are no significant facts in dispute and the case law is well settled.  Under these circumstances, a lawyer would not make any difference to the outcome of the petition.

I will, however, grant petitioner a brief extension of time in which to file her objections to the report and recommendation.  Petitioner may have until April 18, 2008, in which to file her objections.


ORDER

IT IS ORDERED that the motion of petitioner for the appointment of counsel is DENIED.  Her motion for an extension of time in which to file objections to the report and

recommendation is GRANTED. Petitioner may have until April 18, 2008, in which to file her objections.

Entered this 27th day of March, 2008.

                BY THE COURT:

                /s/

                STEPHEN L. CROCKER
                Magistrate Judge