IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONNA KIKKERT,

        Petitioner,                      ORDER

v.                                         07-cv-705-bbc

SUZANNE SCHMITT, Superintendent,
Robert E. Ellsworth Correctional Center,

        Respondent.

---

Petitioner Donna Kikkert has filed a notice of appeal from this court's judgment entered April 16, 2008 denying her petition for a writ of habeas corpus. Because petitioner filed her motion within 30 days of the date judgment was entered, her appeal is timely. Fed. R. App. P 4(a)(1)(A).

I will construe petitioner's notice of appeal as including a request for a certificate of appealability. Under 28 U.S.C. § 2253(c)(1), a judge must issue a certificate of appealability before a petitioner may appeal a final judgment in most habeas proceedings under 28 U.S.C. § 2254. A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v.

Copy of this document has been provided to _____
this ___ day of _____, 20__
by _____
C. A. Korth, Secretary to
Magistrate Judge Crocker

McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Petitioner has not made a substantial showing of the denial of a constitutional right. As explained in the magistrate judge's report and recommendation and my order adopting it, the Wisconsin of Department of Corrections' failure to give adequate consideration to alternatives before revoking petitioner's probation does not implicate petitioner's constitutional rights. Likewise, petitioner has not shown that it was unconstitutional for the family court to have used the "methodologies" it did in the proceeding that led ultimately to petitioner's criminal conviction, and in any case, federal courts do not have jurisdiction over family matters. Finally, petitioner has not shown that the state circuit court violated her constitutional rights when it sentenced her to prison. None of petitioner's allegations about the impropriety of her sentence comes close to showing that the state courts applied established federal law unreasonably or made unreasonable determinations of the facts when they upheld her sentence. Therefore, I decline to issue a certificate of appealability.

The next question is whether petitioner is entitled to proceed in forma pauperis on appeal. (Petitioner paid the $5 fee for filing her habeas petition but has not paid the $455 appellate docketing fee.) In addition to finding that petitioner is indigent, this court must find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Although

this is a less demanding standard than that for determining whether to issue a certificate of appealability, I find that petitioner is unable to meet it. Petitioner's challenge to her state sentence is brought mainly upon her understanding that federal courts have the power to consider the merits of her situation because she has been separated from her daughter. As I explained in my order adopting the report and recommendation, this understanding is incorrect. No reasonable person so informed would suppose petitioner's appeal has any merit.

ORDER

IT IS ORDERED that:

1. Petitioner's motion for an extension of time in which to file her appeal is DENIED as unnecessary.

2. Petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, petitioner may request a circuit judge to issue the certificate.

3. Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that her appeal is not taken in good faith. If petitioner wishes to appeal this decision, she must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 6th day of May, 2008.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
District Judge

4